IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE POWELL, # 44303-037 :

    Plaintiff, :

v. :     Civil Action Case No. L-09-3088

CMS :

    Defendant. :

## MEMORANDUM

Pending is Tyrone Powell's ("Powell") pro se complaint under 42 U.S.C. §1983, alleging constitutionally inadequate medical care. Counsel for Correctional Medical Services ("CMS")[1] has filed a Motion to Dismiss Or, in the Alternative, for Summary Judgment.[2] Powell has filed a reply. For the reasons set forth below, the Motion to Dismiss will be GRANTED.

## BACKGROUND

On November 18, 2009, Powell, then a federal pre-trial detainee housed at the Maryland Correctional and Adjustment Center (MCAC), filed this action complaining of inadequate medical treatment for high blood pressure, headaches, stomach pain, and blood in his stool. As relief, he requests damages of $ 2.3 million and to "correct" his medical condition. Complaint.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief." Fed.R.Civ.P. 8(a)(2). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted...." Fed.R.Civ.P. 12(b)(6).

---

[1] Powell also named Nurse Ahmand Bashir as a defendant. Bashir is no longer in the employ of CMS and efforts to effect service on him were unsuccessful. Paper No. 12.

[2] Mail sent to Plaintiff has been returned as undeliverable. Plaintiff has not provided his current address to the Court, although he was ordered to maintain a current address on file during the pendency of this action. Paper No. 3. Efforts by court personnel to locate Plaintiff indicate that he is currently housed at the Federal Correctional Institution-Gilmer in West Virginia. *See US v. Powell*, Criminal Action No. L-09-373 (D. Md).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id*. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Thus, a complaint need only state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The pleading need only contain "[f]actual allegations ... [sufficient] to raise a right to relief above the speculative level." *Id*. at 555; Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## ANALYSIS

### I. Respondeat Superior

Defendant CMS is a private corporation that contracts with the State of Maryland to provide medical services to inmates at certain state institutions. CMS administers medical care only through its agents and employees. To the extent the Complaint names CMS solely upon vicarious liability, circuit law is clear; a private corporation is not liable under § 1983 for actions allegedly committed by its employees when such liability is predicated solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc*., 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co*., 678 F.2d 504, 506 (4th Cir. 1982). The case shall be dismissed on this basis.

### II. Medical Claim

Even were this matter to proceed to review, verified medical records filed by counsel on behalf of CMS fail to suggest a violation of constitutional magnitude. Claims raised by pretrial detainees are evaluated under the Due Process Clause, rather than under the Eighth Amendment, which applies to convicted inmates. *See Bell v. Wolfish*, 441 U.S. 520, 535-538 (1979). Due

process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. *Id*. As a practical matter, pretrial detainees' rights under the Due Process Clause are coextensive with the Eighth Amendment protections applicable to convicted inmates. *See, e.g., Hill v. Nicodemus*, 979 F.2d 987, 991-92 (4th Cir.1992).

In order to state a constitutional claim for denial of medical care, Plaintiff must demonstrate that the Defendant's acts (or failures to act) amounted to deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97,106 (1976). The medical treatment provided must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted). Defendant must know of and disregard an excessive risk to inmate health or safety. "[T]he [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U. S. 825, 837 (1994). Thus, a health care provider must have actual knowledge of a serious condition, not just knowledge of the symptoms. *See Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998). Mere negligence or malpractice does not rise to a constitutional level. *See Miltier v. Born,* 896 F.2d 848 (1990).

Powell's medical records show that he has a history of hypertension, gastroestophageal reflux disease ("GERD"), and multiple gunshot wounds, and has had one kidney removed. On June 23, 2009, Powell was incarcerated at the Maryland Reception, Diagnostic and Classification Center. Examination showed his blood pressure was slightly elevated at 150/190. Powell denied suffering headaches. Powell told the nurse that he was taking Metoprolol 25 mg. for hypertension. Paper No. 14, Exhibit A.

On June 25, 2009, Nurse Practitioner Roslyn DeShields renewed Powell's Metoprolol prescription, prescribed Zantac for GERD, and referred him to the chronic care clinic. He was transferred to MCAC sometime afterward.

On August 2, 2009, Powell submitted a Sick Call Request Form complaining of: 1) a leg that keeps "giving out"; 2) stinging during urination; 3) pain on his left side; and 4) blurry vision. On August 3, 2009, Ahmad Bashir, R.N. noted on the form that he would refer Powell to a physician. On September 1, 2009, Powell's urine tested negative for blood. Powell's test for occult blood in his stool also tested negative. On September 21, 2009, Gregory Ross, M.D., increased Powell's Metoprolol to 50 mg. twice daily to better manage his hypertension.

On October 12, 2009, Powell submitted a Sick Call Request Form stating he had blood in his stools, stinging during urination, and headaches. Nurse Bashir directed Powell to notify a staff member when he had another bloody stool so that the staff member could visually inspect it. Paper No. 14, Exhibit A, ¶ 7 Exhibit B, p. 14.

On October 21, 2009, Powell submitted a Sick Call Request Form, indicating that he had passed a bloody stool three days earlier. The form was received on October 27, 2009, and Powell was scheduled for an appointment on October 30, 2009. The appointment was rescheduled after MCAC was placed on lock-down status.[3] Paper No. 14, Exhibit A, ¶ 8, Exhibit B, p. 15. Powell's next appointment was with a nurse on November 5, 2009. Powell was given a container and directed bring his next stool specimen for testing. His blood pressure was 38/78. It was noted that Powell was scheduled to see a physician.[4] Paper No. 14, Exhibit A, ¶ 9.

---

[3] Powell disputes whether there was a lock-down. He asserts, "I cannot recall any lock down that would prohibit medical attention and they (defendants) just [sic] making up things to gain an unfair advantage. Paper No. 17, p 2.

[4] Defendants do not explain a notation in the medical record that Powell was seen in the emergency room at the University of Maryland on November 6, 2009. Exhibit B, pp. 16 and 17.

On November 11, 2009, Dr. Ross examined Powell and referred him to a gastroenterologist. Powell's blood pressure measured 172/108 and Dr. Ross prescribed Clonidine 0.1 mg. and Norvasc[5] 10 mg. daily. On January 15, 2010, a colonoscopy and sigmoidoscopy were performed on Powell at Bon Secours Hospital. The test results showed internal hemorrhoids and mild sigmoid diverticulitis.[6] No specific treatment was recommended by the gastroenterologist.

Plaintiff's medical records show that Powell was treated for his medical concerns. Powell was evaluated by personnel, received medication for his conditions, and underwent a colonoscopy and sigmoidoscopy for his complaints of bloody stools. Mere negligence or malpractice or disagreement with the treatment provided does not rise to a constitutional level. Under these circumstances, Powell does not show deliberate indifference to his serious medical needs.

## CONCLUSION

The Complaint shall be dismissed for failure to state a claim upon which relief may be granted. A separate Order follows.

Dated this 22nd day of July 2010.

__/s/_____
Benson Everett Legg
United States District Judge

---

[5] Norvasc is a medication used to treat hypertension and chest pain. Paper No. 14, Exhibit A, Affidavit of Gregory Ross, M.D. p 4, n. 1.

[6] Diverticulitis and diverticular disease are caused by small pouches in the lining of the colon. Inflammation can cause abdominal pain and rectal bleeding. Paper No. 14, Exhibit A, Affidavit of Gregory Ross, M.D. p 4, n. 2.